UNITED STATES BANKRUPTCY COURT
sNORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| ALEJANDRA MARIA GIRALDO, | : | CASE NO. 19-60794-jwc |
| | : | |
| _ _ _ _ _ _ _DEBTOR._ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | : | _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ |
| | : | |
| NANCY J. GARGULA, | : | |
| UNITED STATES TRUSTEE | : | |
| | : | |
| MOVANT, | : | |
| | : | |
| -vs- | : | CONTESTED MATTER |
| | : | |
| ALEJANDRA MARIA GIRALDO, | : | |
| | : | |
| RESPONDENT. | : | |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE
BASED UPON ABUSE ARISING UNDER 11 U.S.C. § 707(b)(3)**

COMES NOW Nancy J. Gargula, United States Trustee for Region 21, (the "United States Trustee"), through undersigned counsel, and respectfully moves this Court to enter an order dismissing this case pursuant to 11 U.S.C. § 707(b)(3), and in support thereof, states as follows:

**I.    COURSE OF PROCEEDINGS AND STATEMENT OF FACTS**

1.    The Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).  This motion is filed pursuant to 11 U.S.C. §§ 707(b)(2) and 707(b)(3).

2.    On July 11, 2019, ALEJANDRA MARIA GIRALDO ("Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code.

1

3. The United States Trustee appointed S. Gregory Hays to serve as Chapter 7 Trustee in this case, and he continues to serve in that capacity.

4. The chapter 7 trustee commenced and concluded the section 341 meeting of creditors on August 13, 2019.

5. Based upon a review of Debtor's Bankruptcy Petition and Schedules D and E/F, the United States Trustee believes and, therefore, avers that the reported debts are primarily consumer in nature.

## II. TIMELINESS OF MOTION

6. Bankruptcy Code section 704(b)(1)(a) requires the United States Trustee to review all materials filed by the debtor and, not later than 10 days after the date of the first meeting of creditors, file with the Court a statement as to whether the case is presumed to be an abuse under section 707(b) (the "Ten Day Statement").

7. For motions under section 707(b)(3), Federal Rule of Bankruptcy Procedure 1017(e)(1) requires motions to be filed within 60 days after the first date set for the meeting of creditors under section 341(a) unless the Court, for cause, extends the deadline.

8. The Rule 1017(e) deadline is October 15, 2019.

9. This motion is filed within the requisite time period and is timely.

## III. STATEMENT OF APPLICABLE STATUTES AND RULES

10. Section 707(b)(1) provides that, after notice and a hearing, the Court may dismiss a case filed by individuals whose debts are primarily consumer debts if it finds that granting relief would be an abuse of the provisions of chapter 7.

11. Section 707(b)(3) states as follows:

(3) In considering under [section 707(b)(1)] whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider -

2

>  (A) whether the debtor filed the petition in bad faith; or
>  (B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

11 U.S. C. §§ 707(b)(3)(A) and (B).

## IV. THE TOTALITY OF THE CIRCUMSTANCES OF DEBTOR'S FINANCIAL SITUATION DEMONSTRATES ABUSE

12. The overwhelming majority of courts now hold that a debtor's ability to repay a portion of his or her unsecured nonpriority debt may constitute abuse under 11 U.S.C. § 707(b)(3). *See In re Walker*, 383 B.R. 830 (Bankr. N.D. Ga. 2008); *In re Henebury,* 361 B.R. 595, 607 (Bankr. S.D. Fla. 2007) ("Ability to pay, standing alone, is sufficient to warrant dismissal of a Chapter 7 case for abuse pursuant to 11 U.S.C. § 707(b)(3)(B)."); *In re Mestemaker*, 359 B.R. 849, 856 (Bankr. N.D. Ohio 2007) (the "plain language of § 707(b)(3), read in conjunction with § 707(b)(1) and (2), is clear and compels a conclusion that a court must consider a debtor's actual debt-paying ability in ruling on a motion to dismiss where the presumption does not arise or is rebutted"); *In re Lenton*, 358 B.R. 651 (Bankr. E.D. Pa. 2006).

13. The courts consider the debtor's ability to pay as of the date of the hearing on the motion to dismiss, not as of the date the debtor filed the petition. *In re Pennington*, 348 B.R. 647 (Bankr. D. Del. 2006); *In re Richie*, 353 B.R. 569 (Bankr. E.D. Wis. 2006). *Accord, Henebury*, 361 B.R. 609.

### A. In her budget, Debtor improperly co-mingles her parents' bills and social security income.

14. Debtor claims a household of three: herself and her parents, even though her parents split their residences between living with Debtor and living in their Florida retirement community.

15. At line 8e of her Schedule I (Income), Debtor includes in her income her parents' social security income of $483.00.

16. At line 13 of her Schedule J (Expenses), Debtor listed a monthly $100 expense for entertainment.

17. At line 21 of her Schedule J (Expenses), Debtor listed a monthly $867 payment for her student loans.

18. Also at line 21 of her Schedule J (Expenses), Debtor listed a monthly payment of $2,232.00 for "Support for parents (mortgage, credit cards, FL housing exp)."

19. Debtor's support for her parents breaks down as follows:

- $323.00 for a Chase mortgage for their Florida retirement community home;

- $363.30 for the homeowners association for their Florida retirement community home;

- $97.00 for the electric bill for their Florida retirement community home;

- $30.00 for the cable bill for their Florida retirement community home;

- $40.00 for the phone bill for their Florida retirement community home; and

- $1,378.29 for Debtor's parents' credit card bills, which are used for the parents' food/groceries, clothes and car insurance.

20. The United States Trustee submits that entertainment expenses, payments for her parents' bills, and payments for her own student loans are not reasonably necessary for her support and maintenance, and should all be included in the calculation of a debtor's income for purposes of § 707(b)(3) income. Consequently, Debtor's Schedule I monthly net income should be at least $1,284.14. A copy of the United States Trustee's calculation of Debtor's monthly income is attached hereto as **Exhibit A**.

21. The United States Trustee further contends that Debtor claimed excessive expenses for non-mortgage expenses, living expenses, and transportation expenses. Reducing Debtor's expenses in these three categories to the IRS standard would result in Debtor's Schedule I monthly net income being $2,009.14. Further adjusting the Debtor's expenses to the IRS standard for a household of one – a far more accurate depiction of Debtor's family size since Debtor's parents spend a large portion of each year living in their Florida residence -- would result in Debtor's Schedule I monthly net income being $2,845.14. See **Exhibit A.**

    **B.**    **Debtor's monthly disposable income**

22. The United States Trustee prepared a Disposable Income Calculation, which is attached hereto as **Exhibit B**.

23. Under any of the three expense computations, Debtor enjoys ample disposable income, sufficient to pay between 32% and 72% of her unsecured debt. See **Exhibit B**.

24. Debtor appears to enjoy a stable source of future income.

25. Debtor is eligible for adjustment of her debts through Chapter 13

26. Debtor has the ability to make a substantial payment pursuant to a Chapter 13 plan.

27. Debtor has not offered any evidence that the bankruptcy petition was filed because of sudden illness, calamity, disability, or unemployment.

28. Debtor is not needy.

29. The granting of a discharge in this case would be an abuse of the bankruptcy process.

30. The United States Trustee submits that in this case Debtor has the ability to pay a significant portion of her unsecured debt and the totality of the circumstances of Debtor's financial situation demonstrates that this chapter 7 filing constitutes an abuse under 11 U.S.C. § 707(b)(3).

WHEREFORE the United States Trustee requests the Court dismiss this case and grant such other relief as the Court deems appropriate. If Debtor converts the case to chapter 13, the United States Trustee will request the Court hold the motion in abeyance, to be scheduled for hearing in the event Debtor re-converts the case to chapter 7.

> NANCY J. GARGULA
> UNITED STATES TRUSTEE
> Region 21
> */s/ Thomas W. Dworschak*
> THOMAS W. DWORSCHAK
> Georgia Bar No. 236380
> United States Department of Justice
> Office of the United States Trustee
> Suite 362, Richard B. Russell Building
> 75 Ted Turner Drive, SW
> Atlanta, Georgia  30303
> (404) 331-4437, ext. 145
> Thomas.w.Dworschak@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that I have on October 15, 2019 electronically filed the foregoing *Motion to Dismiss Case Based on Abuse Arising Under 11 U.S.C. § 707(b)(3)* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following party who has appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Howard Jay Kent                     hkent@thekentlawfirm.com

I further certify that on October 15, 2019, I caused a copy of this document to be served via United States First Class Mail, with adequate postage prepaid on the following parties at the address shown for each.

| | |
|---|---|
| S. Gregory Hays | Alejandra Maria Giraldo |
| Hays Financial Consulting, LLC | 281 Whitney Lane |
| Suite 555 | McDonough, GA 30253-7766 |
| 2964 Peachtree Road | |
| Atlanta, GA 30305 | */s/ Thomas W. Dworschak* |